UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA A. BATEY-KOLEGAS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:17-cv-02450 |
| CREDIT ONE BANK, N.A., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Lisa A. Batey-Kolegas ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Credit One Bank, N.A. ("Credit One" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Credit One conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant Credit One is national banking institution with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119. Credit one is engaged in the business offering credit card services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

7. In January 2015, Plaintiff received a pre-approved offer of credit from Credit One ("subject account"). Plaintiff then went online to apply for the Credit One credit card and was subsequently approved.

8. Plaintiff began making monthly payments on her Credit One credit card. At some point thereafter Plaintiff started falling behind on making her monthly payments.

9. This resulted in Plaintiff defaulting on the subject account.

10. As soon as Plaintiff would fall behind on her payments, Credit One would begin placing collection calls to Plaintiff's cellular phone demanding payment on the subject account.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4247. Plaintiff is and always has been financially responsible for this cellular phone and its services.

12. On or around February 22, 2016, Plaintiff received a collection call on her cellular phone from Credit One. When Plaintiff answered, she said "hello," to which there was no response for approximately 3 seconds. After the pause, an agent introduced them self as a representative of

Credit One calling to collect a payment on the subject account. Plaintiff demanded that Credit One stop placing calls to her cellular phone.

13. Plaintiff requested that Credit One cease placing calls to her cellular phone on no less than 2 separate occasions.

14. Notwithstanding Plaintiff's request that Credit One cease placing calls to her cellular phone, Credit One placed or caused to be placed no less than 25 harassing phone calls to Plaintiff's cellular phone ending in 4247 between February 22, 2016 and the present day, including, but not limited to, the following dates and times: [1]

- March 17, 2016;
- March 18, 2016 (2 calls);
- March 19, 2016 (2 calls);
- March 21, 2016 (4 calls);
- March 23, 2016;
- March 24, 2016;
- March 31, 2016;
- April 21, 2016;
- April 22, 2016;
- April 26, 2016;
- April 27, 2016 (2 calls);
- May 5, 2016 (2 calls); and
- July 11, 2016.

15. Plaintiff received Credit One's calls from various telephone numbers including, but not limited to, the following:[2]

    i.    863-784-3159;
    ii.    407-358-6498;

---

[1] The list of calls is not exhaustive. The list includes the phone calls that were documented by Plaintiff.
[2] The list of telephone numbers is not exhaustive. The list includes numbers that were documented by Plaintiff.

3

       iii.      602-282-1664;
       iv.      866-910-8032; and
       v.      877-825-3242.

16. Plaintiff's demands that Credit One's phone calls cease fell on deaf ears and Credit One continued its phone harassment campaign.

17. Upon information, belief, and in light of the frequency of the calls, Credit One utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

18. The telephone number ending in 4247 that Credit One called was assigned to cellular services for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. §227(b)(1).

19. The calls Credit One placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

**DAMAGES**

20. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Credit One's unlawful collection practices.

21. Credit One's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Credit One's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, nuisance, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-

kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to cease Credit One's collection tactics, incurring costs and expenses traveling to and from her attorney's office.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Credit One placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

29. Upon information and belief, the predictive dialing system employed by Credit One transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Credit One violated the TCPA by placing no less than 25 calls between February 2016 and July 2016 to Plaintiff's cellular phone, after Plaintiff demanded that Credit One cease placing calls to her cellular phone on no less than 2 separate occasions during the phone calls she answered.

31. As pled above, Plaintiff was severely harmed by Credit One's collection calls to her cellular phone.

32. Upon information and belief, Credit One has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

33. Upon information and belief, Credit One knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Credit One, through its agents, affiliates, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Credit One is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Credit One's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LISA A. BATEY-KOLEGAS requests that this Honorable Court:

a. Declare Credit One's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

36. Plaintiff restates and reallages paragraphs 1 through 23 as through fully set forth herein.

37. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

38. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

39. Credit One is engaged in commerce in the State of Illinois with regard to Plaintiff. Credit One specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

40. Credit One violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject account from Plaintiff.

### a. Unfairness

41. It was unfair for Credit One to seek to collect from Plaintiff the subject account through relentless harassing phone calls to her cellular phone attempting to dragoon her into making a payment.

42. It was unfair for Credit One to place or cause to be placed no less than 25 phone calls to Plaintiff's cellular phone between February 2016 and July 2016, without her consent.

43. It was unfair for Credit One to continue placing calls to Plaintiff after she demanded that the calls cease on no less than 2 separate occasions.

44. Credit One's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

45. Moreover, Credit One's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy and nuisance.

46. Upon information and belief, Credit One systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

47. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Credit One and is done on a large scale.

48. Moreover, Credit One's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies that legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

49. As alleged above, Plaintiff was substantially harmed by Credit One's misconduct.

50. An award of punitive damages is appropriate because Credit One's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the harassing phone calls.

**WHEREFORE**, Plaintiff LISA A. BATEY-KOLEGAS requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Credit One;
   b. Award Plaintiff her actual damages in an amount to be determined at trial;
   c. Award Plaintiff her punitive damages in an amount to be determined at trial;
   d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**


Dated: March 30, 2017                                      Respectfully Submitted,

/s/ Omar T. Sulaiman
Omar T. Sulaiman, ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, IL 60523
Phone: (630) 575-8181
Fax: (630) 575-8188